```
                  UNITED STATES DISTRICT COURT
                   DISTRICT OF NEW HAMPSHIRE
```

Devona Warner

    v.                                        Civil No. 09-cv-324-JL
                                             Opinion No. 2010 DNH 095

Michael Astrue, Commissioner,
Social Security Administration


**SUMMARY ORDER**

After receiving a partially favorable decision from the Social Security Administration ("SSA") on her claim for disability benefits, plaintiff Devona Warner brought suit against the SSA's Commissioner under the Social Security Act, see 42 U.S.C. § 405(g), challenging the only unfavorable part of that decision: the onset date of her disability. Warner claims that she became disabled in April 2006, but the administrative law judge found a June 2007 onset date, and the SSA denied Warner's request for an administrative appeal. This court has subject-matter jurisdiction to review the SSA's decision under 28 U.S.C. § 1331 (federal question) and 42 U.S.C. § 405(g) (Social Security).

The Commissioner, conceding that the administrative law judge offered an "inadequate rationale" for denying benefits before June 2007, has moved for an entry of judgment reversing and remanding this case to the SSA for reconsideration. Warner

agrees that such a remand is appropriate under sentence four of 42 U.S.C. § 405(g), which provides that the district court "shall have power to enter . . . a judgment . . . reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." See also Seavey v. Barnhart, 276 F.3d 1, 9-10 (1st Cir. 2001) (explaining that a sentence four remand may be ordered where the SSA's decision is not supported by "substantial evidence").

The only issue on which the parties disagree is the scope of the remand. The Commissioner argues that the scope should be "unrestricted" in light of SSA regulations, which provide that "[w]hen a Federal court remands a case to the Commissioner for further consideration," the Commissioner may in turn remand it to the administrative law judge, and "[a]ny issues relating to your claim may be considered by the administrative law judge whether or not they were raised in the administrative proceedings leading to the final decision in your case." 20 C.F.R. § 404.983; see also Thompson v. Astrue, 583 F. Supp. 2d 472, 475-76 (S.D.N.Y. 2008) (deeming this regulation applicable where a district court remands without any limiting instructions).

Warner argues, in response, that this court should limit the remand to the particular issue being litigated in this case: whether she is entitled to disability benefits for the period

before June 2007.  As she notes, it is well established that "district courts have the power to limit the scope of remand" in this kind of case and that the SSA--notwithstanding its regulations--must abide by the court's limiting instructions. Id. at 475 (citing Sullivan v. Hudson, 490 U.S. 877, 885 (1989)); see also Jameson v. Astrue, No. 09-cv-237-JD, 2010 WL 1568474 (D.N.H. Mar. 15, 2010) (Muirhead, M.J.) (limiting sentence four remand to the issue of whether the onset date of the plaintiff's disability should have been earlier).[1]

After hearing oral argument, this court agrees with Warner that the remand should be limited in scope.  Our court of appeals has made clear that "the decision as to what remedy to apply under sentence four of § 405(g) is largely dictated by the type of error made by the ALJ."  Seavey, 276 F.3d at 9; see also id. at 10 ("what instructions should accompany a remand order will turn on the nature of the error at the ALJ proceedings").  Here, the parties have stipulated that the administrative law judge's error relates to the denial of benefits for the period before June 2007.[2]  They have not identified any errors relating to the

---

[1] The court commends Attorney Plourde for providing notice of the recent Jameson case, even though it is adverse to the Commissioner's position.  See N.H. R. Prof. Conduct 3.3(a)(2).

[2] Document no. 9.

3

grant of benefits from June 2007 onward.  Accordingly, there is no reason for the SSA to expend further resources on that issue, or for Warner to face the risk (however remote) of losing the benefits that she has already been granted.

For the reasons set forth above, the Commissioner's motion for an entry of judgment reversing and remanding the case to the SSA[3] is GRANTED.  On remand, the scope of review shall be limited to determining whether Warner is entitled to disability benefits for the period before June 2007.  The clerk shall enter judgment accordingly and close the case.

**SO ORDERED.**

_____
Joseph N. Laplante
United States District Judge

Dated:    June 3, 2010

cc:       Raymond J. Kelly, Esq.
          T. David Plourde, AUSA

---

[3] Document no. 4.